UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD CLARK                          CIVIL ACTION

VERSUS

STATE OF LOUISIANA ET AL.           NO.: 17-833-BAJ-RLB

### RULING AND ORDER

Before the Court is the **Motion for Judgment on the Pleadings (Doc. 36)** filed by the State of Louisiana, through the Department of Public Safety and Corrections. For the reasons that follow, the **Motion (Doc. 36)** is **GRANTED**.

## I. BACKGROUND

Plaintiff Leonard Clark sued the Department of Public Safety and Corrections and others[1] under 42 U.S.C. § 1983. (Doc. 1-6). He alleges that the Department of Public Safety and Corrections erroneously dispatched "bail enforcement agents" to his home. (*Id.*). He alleges that these agents "abused and detained" him without probable cause. (*Id.*).

Now, the Department of Public Safety and Corrections moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Doc. 36). The Department

---

[1] The Court dismissed Plaintiff's claims against Kim Baut and XYZ Bail Agency because Plaintiff failed to serve them with process. (Doc. 30).

1

of Public Safety and Corrections argues that it is not a "person" suable under § 1983. (Doc. 36). Plaintiff's response does not address the argument. (Docs. 38, 38-1).

## II. LEGAL STANDARD

The Department of Public Safety and Corrections' Rule 12(c) motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *See Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 504 (5th Cir. 2019). To overcome the motion, Plaintiff must plead a plausible claim for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that the Department of Public Safety and Corrections is liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678). The Court accepts as true the well-pleaded facts of Plaintiff's complaint and views those facts in the light most favorable to him. *See Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

## III. DISCUSSION

Section 1983 creates a claim for civil-rights violations only against "persons." *See* 42 U.S.C. § 1983. The Department of Public Safety and Corrections is not a "person" under § 1983. *See Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) (per curiam) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63–71 (1989)). Because the Department of Public Safety and Corrections is not a "person" suable under § 1983, Plaintiff cannot plead a plausible § 1983 claim against it.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Judgment on the Pleadings (Doc. 36)** is **GRANTED**. Plaintiff's 42 U.S.C. § 1983 claims against the Department of Public Safety and Corrections are **DISMISSED** with prejudice. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 17th day of June, 2019.

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**